IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :

        v.            :      CRIMINAL NO. 24-CR-00277

PHILIP EVERTON MCPHERSON II   :

GOVERNMENT'S UNOPPOSED MOTION FOR A PROTECTIVE ORDER
PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 16(d)(1)

The United States of America, by its attorneys, Jacqueline C. Romero, United States Attorney, Robert W. Schopf, Assistant United States Attorney, and Marie Miller, Special Assistant United States Attorney, hereby respectfully requests that the Court enter a protective order, pursuant to Federal Rule of Criminal Procedure 16(d)(1), providing that the defense may use any materials from any discovery, Jencks Act, and Giglio disclosure only for preparation for trial and at trial and any sentencing hearings, and may not disclose the information to third parties except as required to prepare for trial or for use at trial and any sentencing hearings. In support of this motion, the government states:

1.     On August 1, 2024, a grand jury sitting in the Eastern District of Pennsylvania returned a forty-one-count indictment against defendant Philip Everton McPherson II charging him with one count of involuntary manslaughter in violation of 18 U.S.C. § 1112, and forty counts of serving as an airman without an airman certificate in violation of 49 U.S.C. § 46306.

2.      There is voluminous discovery material in this case that consists of thousands of pages of documents, photographs, recordings and records. Many of these documents and records pertain to individuals who have not been charged with criminal activity, and in some cases, to individuals who may have been a minor at the time when the records were generated. Additionally, the discovery material includes documents and records that include allegations and facts relating to criminal conduct by people other than the defendant who are the subject of other ongoing investigations. Moreover, the discovery material includes sensitive medical and financial records, as well as graphic autopsy photographs and records.

3.      The government intends to comply with its obligations under the Jencks Act, *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963) and make disclosures consistent with those requirements.

4.      Rule 16 of the Federal Rules of Criminal Procedure provides in pertinent part that: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1).

5.      The Supreme Court has noted that the courts may use protective orders to restrict the use of materials produced:

> [T]he trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect.

*Alderman v. United States*, 394 U.S. 165, 185 (1969). *Cf. United States v. McDade*, 1994 WL 161243, at *3-5 (E.D. Pa. Apr. 15, 1994) (limiting use of criminal deposition "solely for the preparation and conduct of the proceeding" and prohibiting any further

disclosure); *United States v. Smith*, 602 F. Supp. 388, 397-98 (M.D. Pa. 1985) (rejecting press request to unseal bill of particulars containing the names of unindicted coconspirators; "no First Amendment right of access to inspect and copy judicial records and documents that contain information which was produced in pre-trial discovery proceedings").

6.      The materials at issue here are furnished to defense counsel solely to aid their preparation for trial and sentencing. Some of this information will be subject to public disclosure when it is introduced at trial, in pleadings, or at sentencing. The government has an obligation to present all admissible evidence to prove its case; the defense has an obligation to use all admissible material in zealously contesting the charges; and the public has an unquestioned right of access to trial proceedings. That constellation of interests will erase any remaining privacy right in the admissible evidence. But that is not the state of the matter now. At this point, the discovery materials at issue consist not of trial evidence, but of investigatory materials for which no right of access exists or should be created.

7.      Protective measures are also appropriate for the many disclosed materials that contain personal identifying information. Pursuant to Rule 16(d)(1), courts routinely tailor protective orders to address the specific concerns about materials that exist in particular cases. Thus, for example, a court in the Southern District of New York granted a protective order that (a) required defense counsel to return or destroy all copies of Jencks material at the conclusion of the case, (b) prohibited defense counsel from disseminating material to anyone other than the defendants and the defense team, and

(c) prohibited defendants from possessing in any jail facility any of the materials disclosing or referring to the identity and expected testimony of any witness other than a government agent, except when reviewing such materials in the presence of defense counsel. *United States v. Garcia*, 406 F. Supp. 2d 304, 306 (S.D.N.Y. 2005) (observing that defendants "have no right to extended independent review of [Jencks Act] materials in the privacy of their cells"); *United States v. Rivera*, 153 F. App'x 758 (2d Cir. 2005) (not published) (district court's protective order prohibiting defendant from retaining Jencks Act material at his detention facility did not deprive defendant of effective assistance of counsel, where defendant was given ample opportunity to review Jencks Act material and to consult his lawyer regarding that material).

8.      The cases cited above demonstrate that the Court is empowered to tailor a protective order to address the specific concerns about disclosures that exist in a particular case, and here that is to protect individuals from the harm potentially resulting from the dissemination of this type of information.

9.      Counsel for the defendant has indicated via email that they are not opposed to this motion for a protective order.

Wherefore, based on the foregoing, the government respectfully requests that the Court enter a protective order pursuant to Rule 16(d)(1) in the form of the proposed order attached to this motion.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

 */s/ Robert W. Schopf*
ROBERT W. SCHOPF
Assistant United States Attorney

MARIE MILLER
Special Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

      v.          :     CRIMINAL NO. 24-CR-00277

PHILIP EVERTON MCPHERSON II   :

ORDER

AND NOW, this ___ day of _____, 2024, upon consideration of the government's unopposed motion for a protective order, it is ORDERED that the motion is GRANTED. The Court finds that good cause exists to enter the protective order pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure. The Court has considered the "specific examples" of harm and "articulated reasoning" as set forth by the government in its motion. *United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007). The Court has also considered the public interest in the disclosed materials and concludes that, at this stage, no First Amendment or common law right of access has attached to the records. *See id.* at 208-11; *North Jersey Media Group v. United States*, 836 F.3d 421, 434-36 (3d Cir. 2016). On balance, the public's interest in the disclosed materials is outweighed by the "clearly defined" and potentially "serious injur[ies]" that would result from disclosure. *See* Fed. R. Crim. P. 16(d)(1); *Wecht*, 484 F.3d at 212.

IT IS FURTHER ORDERED pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure that defense counsel may make such use of the materials produced pursuant to the government's Jencks Act, *Giglio v. United* States, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963) obligations only as is necessary to prepare

for trial and for use at trial and any sentencing hearings, including the disclosure of the material to the defendants. Defense counsel or any other person to whom disclosure is made pursuant to this paragraph may not use the discovery materials for any purpose other than preparation for trial or for use at trial and any sentencing hearings, and may not disclose the discovery materials or information contained in the discovery materials to any third party, except as required to prepare for trial or for use at trial and any sentencing hearings. Defense counsel shall maintain a log of every person to whom disclosure of the discovery materials is made, and shall obtain from every such person at the time of disclosure the following written statement:

> "I acknowledge that discovery materials have been disclosed to me for the purpose of assisting defendant Philip Everton McPherson II in preparing for trial and/or using such materials at trial and any sentencing hearings. I have read the Order of the Court dated _____, 2024, permitting such disclosure to me, and agree as directed in that Order that I will use the discovery materials only for preparation for trial or for use at trial and any sentencing hearings, and will not otherwise disclose the discovery materials or information contained in the discovery materials to any third party. I acknowledge that a violation of the Court's Order may result in penalties for contempt of court."

IT IS FURTHER ORDERED that defense counsel shall maintain sole custody of any disclosed Jencks Act, *Giglio v. United States*, 405 U.S. 150 (1972), *and Brady v. Maryland*, 373 U.S. 83 (1963) materials.  Defense counsel shall not reproduce, disseminate, or disclose any of the Jencks Act, *Giglio* or *Brady* materials, and shall not permit third parties to copy or view these materials, without further Order of the Court, except that those materials may be viewed with the defendant in counsel's presence. A copy of said materials or notes relating thereto shall not be given to the defendant, nor

shall the defendant be permitted to make notes of the content of said materials and keep such notes with him or disperse such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

IT IS FURTHER ORDERED that defense counsel and defendants are permitted to possess and review the disclosed materials in preparation for trial or other proceedings connected with this criminal case.  However, defense counsel and the defendants are prohibited from disseminating or disclosing the disclosed material to any individuals that are not a member of the defendant's defense team and are actively working on the defendant's defense to the charges of the indictment.

BY THE COURT:

_____
HONORABLE JOHN M. GALLAGHER
*Judge, United States District Court*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have served a true and correct copy of the Government's

Motion for a Protective Order Pursuant to Federal Rule of Criminal Procedure 16(d)(1)

on the following by electronic filing:

Angelo Cameron, Esq.
Counsel for Philip McPherson II

 _/s/ Robert W. Schopf_
ROBERT W. SCHOPF
Assistant United States Attorney
